THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of
 Transportation, Respondent,
 v.
 James Grayson Rose
And
Bank of America, NC, f/k/a Nations Bank NA,
 Mortgagee, Other Condemnee,
 Of whom James Grayson Rose is  
 Appellant.
 
 
 

Appeal From Lexington County
James R. Barber, III, Circuit
 Court Judge
Unpublished Opinion No.
 2009-UP-219
Heard April 23, 2009 - Filed May
 26, 2009
AFFIRMED

 
 
 
 William P. Walker, of Lexington, and W. Ralph Garris, of
 Columbia, for Appellant.
 Clifford O. Koon, Jr., Robert L. Brown, and Paul D. de
 Holczer, of Columbia, for Respondent.
 
 
 

PER
 CURIAM:  In this condemnation action, James Grayson Rose appeals the denial
 of a motion for a new trial, arguing the South Carolina Department of
 Transportation's closing argument was improper and prejudicial because it
 appealed to the jury's emotions by insinuating the jury, being comprised of taxpayers,
 would be paying for the verdict.  Rose also contends the trial court abused its
 discretion in admitting testimony of possible alterations to the original
 condemnation plan and abused its discretion in refusing to allow Rose to
 introduce a computer animation of the subject property and highway expansion
 project.   We affirm the trial court's denial of a new trial pursuant to Rule
 220(b)(2), SCACR, and the following authorities:
1.  As to
 whether the Department's closing argument was improper, given counsel did not
 request a clarification of the trial court's ruling, "Let's move forward:" I'On, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 422, 526 S.E.2d 716,
 724 (2000) (providing the losing party must raise the issue to the trial court and
 obtain a ruling on that issue for it to be preserved for appellate review); Brown
 v. Stewart, 348 S.C. 33, 52, 557 S.E.2d 676, 686 (Ct. App. 2001) (holding
 appellant failed to preserve the issue of an improper closing argument, where,
 after the court sustained appellant's objection, appellant did not request a
 curative instruction or move to strike).
2.  As to
 whether the trial court abused its discretion in admitting testimony of
 alterations to the condemnation plan: Hanahan v. Simpson, 326 S.C. 140,
 155, 485 S.E.2d 903, 911 (1997) (providing where the appellate argument differs
 from the argument for the trial objection, the issue is not preserved); Brown,
 348 S.C. at 52, 557 S.E.2d at 686 (stating after an appellant's objection is
 sustained, to preserve the issue for review, the appellant must request a
 curative instruction or move to strike).
3.  As to
 whether the trial court abused its discretion in refusing to permit the
 introduction of a computer animation: Clark v. Cantrell, 339 S.C. 369,
 387, 529 S.E.2d 528, 538 (2000) (holding the trial court did not abuse its
 discretion in excluding a computer animation where it was not an accurate
 representation of the evidence).
AFFIRMED.
HEARN,
 C.J., PIEPER, and LOCKEMY, JJ., concur.